PEOPLE, PLAINTIFF AND APPELLEE, *v.* SANTOS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Violation of Section 244 of the Penal Code.

No. 911.—Decided June 6, 1916.

LIBEL—DISTRIBUTION OF LIBELLOUS HANDBILL—COMPLAINT—IDENTIFICATION OF COMPLAINING WITNESS.—In this case a complaint was filed charging the

defendant with having published and circulated a handbill containing the following: "We understand with respect to the wages that the contract is being violated and that the foremen and overseers are trying to come to an understanding with you; that from now on the highest daily wage will be seventy-five cents and that this is due to the fact that Iglesias sold himself, etc., etc. What rascals these foremen and overseers are! Instead of telling you that they can no longer rob you of fifty or sixty dollars a week, as they did formerly, they try to make you believe that the contract is prejudicial to you—all to the end of preventing you from organizing." On appeal it was held that according to sections 243 of the Penal Code and 87 of the Code of Criminal Procedure the complaint was insufficient because it did not contain any allegation showing that the complaining witnesses, who were not identified, were the persons alluded to in the handbill; and it was also held that the defects in the complaint were not cured by the evidence.

The facts are stated in the opinion.

*Mr. Rafael López Landrón* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The complaint in this case set up as follows:

"We, Eladio Pereira and Andrés García, residents of Fajardo, present a complaint against Domingo Santos for a crime set forth in section 244 of the Penal Code as amended in 1911, committed in the following manner, to wit: That on a day in the month of February, 1915, and on the streets of Fajardo, P. R., of the Municipal District of Fajardo, P. R., the said defendant distributed voluntarily and caused to be circulated a handbill signed by Antonio Casas and Juan Rexach and which was read by various persons and contained among other things the following paragraphs: 'We understand with respect to the wages that the contract is being violated and that the (*mayordomos y capataces*) foremen and overseers are trying to come to an understanding with you; that from now on the highest daily wage will be seventy-five cents and that this is due to the fact that Iglesias sold himself, etc., etc. (*sic*). What rascals (*canallas*) these foremen and overseers are! Instead of telling you that they can no longer rob you of fifty or sixty dollars a week, as they did formerly, they try to make you believe that the contract is prejudicial to you—all to the end of preventing you from organizing.' That this handbill was published and distributed by the defendant with the malicious intention of impeaching the honesty, integrity and reputation of the foremen of The Fajardo Sugar Growers' Association, two of whom are the complainants."

The defendant pleaded not guilty, the case was tried, the court found the defendant guilty and sentenced him to a fine of twenty-five dollars.

Section 243 of the Penal Code provides as follows:

"Section 243.—A libel is a malicious defamation, expressed either by writing, printing, or by signs or pictures, or the like, tending to blacken the memory of one who is dead, or to impeach the honesty, integrity, virtue, or reputation, or publish the natural or alleged defects of one who is alive, and thereby to expose him to public hatred, contempt or ridicule."

The alleged libel as set forth in the complaint named no one. There is no averment therein to show that the words were spoken of any special foremen or overseers. No company, association or particular set of foremen or overseers is mentioned in the words quoted from the handbill and there are no facts alleged in the complaint tending to show that they were the persons to whom allusion was made, other than that they were affected by the publication. Section 87 of the Code of Criminal Procedure sets forth:

"Section 87.—An information for libel need not set forth any extrinsic facts for the purpose of showing the application to the party libeled of the defamatory matter on which the information is founded; but it is sufficient to state generally that the same was published concerning him, and the fact that it was so published must be established on the trial."

Hence it was necessary to allege that the words were published of the foremen who maintain that they were injured. For all that the complaint discloses, the alleged libel might have been published of someone else and have still accidentally affected the foremen here. The foremen of the Fajardo Sugar Growers' Association were not identified and the complaint was insufficient.

If the trial, in absence of objection, could be supposed to aid the complaint, the publication would still fail to identify the complaining witnesses. Indeed, it is shown that the libel was directed to the workmen of the Fajardo Sugar Co.,

and the complaining witnesses are foremen of the Fajardo Sugar Growers' Association. The two companies, the evidence tends to show, are distinct. There was no identification of the prosecuting witnesses.

The judgment must be reversed and the defendant discharged.

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.